THE MANHATTAN LIFE INSURANCE COMPANY v. PHILIP OLMSTED.

**No. 835.** (63 Pac. 279.)

LIFE INSURANCE—*Paid-up Policy— Surrender of Policy*. Where a life-policy provided for a paid-up policy on surrender of the original policy, where the assured lived in Colorado and the insurance company was in New York, and he offered to surrender the policy by delivering the same to a bank in Colorado, but the company also required assured to execute assignments of the original policy on forms sent by them, his offer to surrender to the bank, which was not objected to by the company, was a substantial compliance with the policy, though he did not make the assignments as demanded.

Error from Douglas district court; S. A. RIGGS, judge. Opinion filed January 1, 1901. Affirmed.

*W. W. Nevison*, for plaintiff in error.

*Lewis G. Farrel*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. :  This is a suit upon a contract of life insurance to recover the value of a paid-up policy, which the insurance company avoided issuing at the time it was demanded under the terms of the original policy by an attempt to inject therein conditions not expressed thereby.

The one contingency, upon which it was agreed that the amount of the paid-up policy should be paid, had transpired; that is, the assured had attained the age of sixty years.

There are no assignments of error.  The argument of counsel for plaintiff in error is devoted to the well-settled rule that time is material in the performance of the promises on the part of the assured.  The election of the plaintiff to discontinue payment of premiums under the original policy and to take a paid-up policy under its conditions was made in ample time, and he offered to surrender the policy by delivering the same to a bank at Greeley, Colo., where he then was.  This manner of surrendering the policy was not objected to specifically, but the company requested the assured to execute and send them assignments of the original policy on forms sent by it for that purpose.  This request was not complied with.

The ordinary rules of law governing contracting parties apply to insurance companies.  The obligation to write and deliver to the assured, upon his election, the paid-up policy, was mutual and dependent with the assured's obligation to deliver up the original.  The company was in New York; he was in Colorado.  He proposed to leave the policy for the company with a bank at Greeley, and did so, and so advised them.  The company acknowledged notice

thereof and made no objection thereto, but insisted on the assignments, and refused to issue the paid-up policy until the assignments were executed and sent to them.

The assured made a substantial compliance with this provision of the contract. The company had timely notice of his action and he was entitled to the paid-up policy, and in this action, under our code, was entitled to recover as though it had been made according to the terms of the original policy.

The judgment of the district court is in accord with our views, and is affirmed.

WELLS, J., dissenting.